## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

YVONNE COE,

      Plaintiff,                 CASE NO.:

vs.

                                    DIVISION:

DIVERSIFIED CONSULTANTS, INC., and
DYNAMIC RECOVERY SOLUTIONS LLC,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, YVONNE COE, by and through the undersigned counsel, sues the

Defendants, DIVERSIFIED CONSULTANTS, INC., a foreign corporation, DYNAMIC

RECOVERY SOLUTIONS LLC, a foreign limited liability company, and in support thereof

respectfully alleges the following:

### JURISDICTION AND VENUE

1.      This is an action for damages exceeding Fifteen Thousand Dollars ($75,000.00)

exclusive of attorney fees and costs.

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a

federal question, and pursuant to 15 U.S.C. § 1692k(d) and/or pursuant to 28 U.S.C. § 1367 for

pendant state law claims.

3.      Plaintiff brings this action to recover statutorily prescribed damages for acts on

the part of Defendant in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer

Protection Act of 1991 (hereafter "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, *et seq.* (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, sections

559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

4.     The alleged violations described herein occurred in Pinellas County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5.     Plaintiff is a natural person who is over the age of eighteen (18) who resides in Pinellas County, Florida.

6.     Plaintiff is a debtor and/or alleged debtor as that term is defined by section 559.55(2), Florida Statutes.

7.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.     Plaintiff is the "called party" with respect to the calls described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

9.     At all times material hereto, Defendant, DIVERSIFIED CONSULTANTS, INC. (hereafter "DIVERSIED"), was and is a foreign corporation, authorized to conduct business and conducting business in Florida, with its principal office in Jacksonville, Duval County, Florida.

10.     At all times material hereto, Defendant, DYNAMIC RECOVERY SOLUTIONS LLC (hereafter "DYNAMIC RECOVERY"), was and is a foreign corporation, authorized to conduct business and conducting business in Florida, with its principal office in Greenville, Greenville County, South Carolina.

11.     At all times material hereto, Defendant DIVERSIFIED did transact business in Pinellas County, Florida, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and/or section 559.55(6), Florida Statutes. Defendant sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and is therefore a "consumer debt."

12. At all times material hereto, Defendant DYNAMIC RECOVERY did transact business in Pinellas County, Florida, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and/or section 559.55(6), Florida Statutes. Defendant sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and is therefore a "consumer debt."

## FACTUAL ALLEGATIONS SPECIFIC TO DEFENDANT DIVERSIFIED CONSULTANTS, INC.

13. As described herein, Defendants, DIVERSIFIED, employed business practices resulting in intentional harassment and abuse of the Plaintiff and engaged in patterns of outrageous, abusive and harassing conduct by and through their agents and representatives in an effort to collect alleged debts from Plaintiff.

14. Defendant DIVERSIFIED consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for Plaintiff's alleged debt on unknown accounts.

15. Defendant DIVERSIFIED has engaged in collection conduct in violation of the TCPA, FDCPA and FCCPA, and constituting intentional harassment and abuse of the Plaintiff, by and through its agents and representatives, on numerous occasions within the three (3) year period preceding the filing of this action.

16. As described herein, Defendant DIVERSIFIED implemented its unlawful conduct by initiating calls to Plaintiff's cellular telephone number, (727) 744-4962, regarding an alleged debt of unknown amount, allegedly owned by an individual named "William Bonner."

3

17.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) 744-4962, and was the called party and recipient of Defendant DIVERSIFIED's above described debt collection calls.

18.     To date, Defendant DIVERSIFIED has placed approximately twenty (20) calls to Plaintiff's aforementioned cellular telephone number in an effort to collect a debt from a "William Bonner," and the calls are continuing through the date of filing of this Complaint (or such time as will be established after a thorough review of Defendants' records).

19.     On numerous occasions, Plaintiff has answered Defendant DIVERSIFIED's calls, informing them that she is not "William Bonner," that she does not know a "William Bonner," that they have the wrong number, and to stop calling her.

20.     Despite actual knowledge of their wrongdoing, the Defendant DIVERSIFIED continued the campaign of abuse

21.     Defendant DIVERSIFIED intentionally harassed and abused the Plaintiff and her family on numerous occasions, by and through their agents and representatives, by the refusal of its representative placing the call to provide adequate identification of himself/herself, refusing to provide adequate identification of the caller's employer, and by refusing to identify the source of the alleged debt.

22.     Defendant DIVERSIFIED intentionally harassed and abused the Plaintiff on numerous occasions, by and through its agents and representatives, calling Plaintiff's aforementioned cellular telephone number and hanging up either prior to or as soon as the Plaintiff or the Plaintiff's voicemail answered the call.

23.     Upon information and belief, the telephone calls at issue were placed by Defendants, DIVERSIFIED, using an "automated telephone dialing system" or "auto dialer," which has the capacity to store or produce telephone numbers to be called, using a random or

sequential number generator; and to dial such numbers, as defined by the TCPA, 47 U.S.C. § 227(a)(1).

24.     Defendant DIVERSIFIED initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 64.1200(b)(1)(A).

25.     Moreover, none of the telephone calls at issue were placed by Defendant DIVERSIFIED to Plaintiff's aforementioned cellular telephone for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

26.     Defendant DIVERSIFIED has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as they did when calling Plaintiff's aforementioned cellular telephone number, as described herein.

27.     Defendant DIVERSIFIED willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

28.     Despite actual knowledge of its wrongdoing, Defendant DIVERSIFIED continued its campaign of abuse.

29.     Defendant DIVERSIFIED's corporate policies are structured to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

30.     Defendant DIVERSIFIED's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

31.     Defendant DIVERSIFIED has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

32.     Defendant DIVERSIFIED followed its corporate policy when attempting to communicate with the Plaintiff.

33.     Defendant DIVERSIFIED has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

34.     Defendant DIVERSIFIED has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

35.     All conditions precedent to the filing of this action against Defendant DIVERSIFIED have occurred or have otherwise been waived.

## FACTUAL ALLEGATIONS SPECIFIC TO DEFENDANT DYNAMIC RECOVERY SOLUTIONS, LLC

36.     As described herein, Defendant DYNAMIC RECOVERY employed business practices resulting in intentional harassment and abuse of the Plaintiff and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect alleged debts from Plaintiff.

37.     Defendant DYNAMIC RECOVERY consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for Plaintiff's alleged debt to Defendant DYNAMIC RECOVERY on unknown accounts.

38.     Defendant DYNAMIC RECOVERY has engaged in collection conduct in violation of the TCPA, FDCPA and FCCPA, and constituting intentional harassment and abuse of the Plaintiff, by and through its agents and representatives, on numerous occasions within the three (3) year period preceding the filing of this action.

39.     As described herein, Defendant DYNAMIC RECOVERY implemented their unlawful conduct by initiating calls to Plaintiff's cellular telephone number, (727) 744-4962, regarding an alleged debt of unknown amount, allegedly owed by an individual named "William Bonner."

40.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) 744-4962, and was the called party and recipient of Defendant DYNAMIC RECOVERY's above described debt collection calls.

41.     On numerous occasions, Plaintiff has answered Defendant DYNAMIC RECOVERY's call, informing them that she is not "William Bonner," that she does not know a "William Bonner," that they have the wrong number, and to stop calling her.

42.     To date, Defendant DYNAMIC RECOVERY has placed approximately fifteen (15) calls to Plaintiff's aforementioned cellular telephone number in an effort to collect a debt from a "William Bonner," and the calls are continuing through the date of filing of this Complaint (or such time as will be established after a thorough review of Defendants' records).

43.     Despite actual knowledge of their wrongdoing, the Defendant DYNAMIC RECOVERY continued the campaign of abuse.

44.     Defendant DYNAMIC RECOVERY intentionally harassed and abused the Plaintiff and her family on numerous occasions, by and through its agents and representatives, by the refusal of its representative placing the call to provide adequate identification of himself/herself, refusing to provide adequate identification of the caller's employer, and by refusing to identify the source of the alleged debt.

45.     Defendant DYNAMIC RECOVERY intentionally harassed and abused the Plaintiff on numerous occasions, by and through its agents and representatives, calling Plaintiff's

aforementioned cellular telephone number and hanging up either prior to or as soon as the Plaintiff or the Plaintiff's voicemail answered the call.

46.     Upon information and belief, the telephone calls at issue were placed by Defendant DYNAMIC RECOVERY using an "automated telephone dialing system" or "auto dialer," which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers, as defined by the TCPA, 47 U.S.C. § 227(a)(1).

47.     Defendant DYNAMIC RECOVERY initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

48.     Moreover, none of the telephone calls at issue were placed by Defendant DYNAMIC RECOVERY to Plaintiff's aforementioned cellular telephone for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

49.     Defendant DYNAMIC RECOVERY have a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as they did when calling Plaintiff's aforementioned cellular telephone number, as described herein.

50.     Defendant DYNAMIC RECOVERY willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

51.     Despite actual knowledge of its wrongdoing, Defendant DYNAMIC RECOVERY continued their campaign of abuse.

52.     Defendant DYNAMIC RECOVERY's corporate policies are structured to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

53.     Defendant DYNAMIC RECOVERY's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

54.     Defendant DYNAMIC RECOVERY has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

55.     Defendant, DYNAMIC RECOVERY followed its corporate policy when attempting to communicate with the Plaintiff.

56.     Defendant DYNAMIC RECOVERY has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

57.     Defendant DYNAMIC RECOVERY has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

58.     All conditions precedent to the filing of this action against Defendant DYNAMIC RECOVERY have occurred or have otherwise been waived.

**COUNT I**
**(Violations of the TCPA by DIVERSIFIED)**

59.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

60.     None of the calls at issue were placed by Defendant DIVERSIFIED to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

61.     Furthermore, none of the calls at issue were placed by Defendant DIVERSIFIED to Plaintiff for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

62.     Defendant DIVERSIFIED willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, and although Plaintiff had informed Defendant DIVERSIFIED that it was calling the wrong number, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

63.     The TCPA provides Plaintiff with a private right of action against Defendant DIVERSIFIED for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant DIVERSIFIED for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and and for such other relief as this Court deems just and proper.

**COUNT II**
**(Violations of the TCPA by DYNAMIC RECOVERY)**

64.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (12) and (36) through (58), as if fully set forth herein.

65.     None of the calls at issue were placed by Defendant DYNAMIC RECOVERY to Plaintiff's aforementioned cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A)

66.     Furthermore, none of the calls at issue were placed by Defendant DYNAMIC RECOVERY to Plaintiff for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

10

67.    Defendant DYNAMIC RECOVERY willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, and although Plaintiff had informed Defendant DYNAMIC RECOVERY that it was calling the wrong number, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

68.    The TCPA provides Plaintiff with a private right of action against Defendant DYNAMIC RECOVERY for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendant DYNAMIC RECOVERY  for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

### COUNT III
### (Violations of the FDCPA against DIVERSIFIED)

69.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

70.    Plaintiff has been the object of collection activity by Defendant DIVERSIFIED arising from an alleged consumer debt.

71.    Defendant DIVERSIFIED is a "debt collector" as defined by the FDCPA.

72.    Defendant DIVERSIFIED engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse any person.

73.    Defendant DIVERSIFIED engaged in an act or omission prohibited under 15

U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

74.     Defendant DIVERSIFIED engaged in an act or omission prohibited under 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

75.     Defendant DIVERSIFIED engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

76.     Defendant DIVERSIFIED engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

77.     Defendant DIVERSIFIED's actions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. 1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, lost financing opportunities and financing terms making life more expensive for Plaintiff; and attorney fees, interest and costs.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendant DIVERSIFIED for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper .

### COUNT IV
### (Violations of the FDCPA by DYNAMIC RECOVERY)

78.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (12) and (36) through (58), as if fully set forth herein.

79.     Plaintiff has been the object of collection activity by Defendant DIVERSIFIED arising from an alleged consumer debt.

80.     Defendant DYNAMIC RECOVERY is a "debt collector" as defined by the FDCPA.

81.     Defendant DYNAMIC RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse any person

82.     Defendant DYNAMIC RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

83.     Defendant DYNAMIC RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

84.     Defendant DYNAMIC RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

85.     Defendant DYNAMIC RECOVERY engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect

an alleged debt.

86.     Defendant DYNAMIC RECOVERY's actions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. 1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, lost financing opportunities and financing terms making life more expensive for Plaintiff; and attorney fees, interest and costs.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant DYNAMIC RECOVERY for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper .

## COUNT V
### (Violations of the FCCPA by DIVERSIFIED)

87.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

88.     At all times material to this action Defendant DIVERSIFIED was and is subject to and must abide by the law of Florida, including section 559.72, Florida Statutes.

89.     Defendant DIVERSIFIED engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

90.     Defendant DIVERSIFIED engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate.

91.     The actions of Defendant DIVERSIFIED have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorney fees, interest and costs.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendant DIVERSIFIED for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

<u>COUNT VI</u>
**(Violations of the FCCPA by DYNAMIC RECOVERY)**

92.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (12) and (36) through (58), as if fully set forth herein.

93.     At all times material to this action Defendant DYNAMIC RECOVERY was and is subject to and must abide by the law of Florida, including section 559.72, Florida Statutes.

94.     Defendant DYNAMIC RECOVERY engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

95.     Defendant DYNAMIC RECOVERY engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate.

96.     The actions of Defendant DYNAMIC RECOVERY have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages

15

in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorney fees, interest and costs.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant DYNAMIC RECOVERY for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

David F. Mitchell, Esquire
Florida Bar No. 067249
Morgan & Morgan, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Tele: (813) 225-6745
Fax: (813) 222-4797
Email: DMitchell@ForThePeople.com
Secondary: VMarrero@ForThePeople.com
Secondary: PMitchell@ForThePeople.com
Counsel for Plaintiff